JOHN W. HUBER, United States Attorney (#7226)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
185 South State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile:  (801) 325-3387

FILED
U.S. DISTRICT COURT

2015 AUG 26  P 4: 49

DISTRICT OF UTAH

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Count 1 - 18 U.S.C. § 1503 (Obstruction of Justice) (Bliss) |
| vs. | Count 2 - 18 U.S.C. § 1623 (False Declaration before a Court of the United States) (Bliss) |
| ROGER STANLEY BLISS and KEVIN CARLTON FORTNEY, | Count 3 - 18 U.S.C. § 1623 (False Declaration before a Court of the United States) (Fortney) |
| Defendants. | Count 4 - 18 U.S.C. § 1001 (False Statement to Federal Agent) (Fortney) |

The Grand Jury alleges:

Case: 2:15-cr-00484
Assigned To : Nuffer, David
Assign. Date : 8/26/2015
Description: USA v.

**Count 1**
**18 U.S.C. § 1503**
**(Obstruction of Justice)**

1.      On or about February 16, 2015, within the Central Division of the District of Utah

and elsewhere,

**ROGER STANLEY BLISS,**

defendant herein, did knowingly and corruptly influence, obstruct, and impede and endeavor to

influence, obstruct, and impede the due administration of justice in *Securities and Exchange*

*Commission v. Roger S. Bliss et al.*, Case Number 2:15-cv-00098-RJS, in the U.S. District Court

for the District of Utah by concealing, moving, and transferring possession of a 17 foot NACRA

catamaran sailboat from his home in Bear Lake, ID to his brother-in-law, Kevin Carlton Fortney,

located in St. George, Utah, in violation of the District Court's February 11, 2015 order freezing

all of the assets of defendant BLISS.

All in violation of 18 U.S.C. § 1503.

### Count 2
### 18 U.S.C. § 1623
### (False Declaration before a Court of the United States)

2.      All of the allegations and all counts set forth in this Indictment are incorporated

herein by reference and realleged as though fully set forth herein.

3.      On or about  July 31, 2015, within the Central Division of the District of Utah,

**ROGER STANLEY BLISS,**

defendant herein, under penalty of perjury, did knowingly make the following false material

declarations before the United States District Court in a case then being litigated before the

United States District Court for the District of Utah entitled *Securities and Exchange*

*Commission v. Roger S. Bliss et al.*, Case Number 2:15-cv-00098-RJS, regarding the transfer of

the 17 foot NACRA catamaran sailboat to his brother-in-law Kevin Carlton Fortney.

(The underlined portions are alleged as false.):

I, Roger S. Bliss, hereby declare and state:

1. My brother-in-law, Kevin Fortney, owned a catamaran sailboat that he kept at Bear Lake.  During the off-season, it was stored at the home I owned at Bear Lake.

2. Kevin Fortney hauled his catamaran from the Bear Lake home to St. George in early 2015.

3. Kevin Fortney used my truck to haul the catamaran to St. George. The truck is currently located in St. George. The truck and its location have been disclosed to the Receiver in this case.

4. <u>At no time did I have any ownership interest in the catamaran that Kevin Fortney stored at Bear Lake.</u>

5. <u>Any comment that I made to the contractor regarding selling the boat was a flippant remark, not meant to be taken seriously, as I never actually owned the catamaran.</u>

**** 

26. I declare under penalty of perjury under the laws of the State of Utah that the information contained above is true and correct to the best of my knowledge and belief.

Executed on July 31, 2015 in Salt Lake City, Utah.

4.      The underscored declarations of defendant BLISS, as he then and there well knew and believed, were false in that defendant BLISS purchased the catamaran in and around June of 2014, had an ownership interest therein, and transferred the catamaran to defendant FORTNEY five days after the District Court's February 11, 2015 order freezing all of the assets of defendant BLISS.

5.      At the time and place aforesaid, the United States District Court was engaged in the litigation of the aforementioned case wherein defendant BLISS had been prohibited by the District Court on February 11, 2015 from engaging in any "withdrawal, removal, transfer, or other disposal of any . . . assets, funds, or other properties." It was a matter material to said litigation to determine whether defendant BLISS had purchased the catamaran, whether he had an ownership interest therein, and whether defendant BLISS transferred the catamaran to defendant FORTNEY.

All in violation of 18 U.S.C. § 1623.

**Count 3**
**18 U.S.C. § 1623**
**(False Declaration before a Court of the United States)**

6.      All of the allegations and all counts set forth in this Indictment are incorporated

herein by reference and realleged as though fully set forth herein.

7.      On or about  July 30, 2015, within the Central Division of the District of Utah,

**KEVIN CARLTON FORTNEY,**

defendant herein, under penalty of perjury, did knowingly make the following false material

declarations before the United States District Court in a case then being litigated before the

United States District Court for the District of Utah entitled *Securities and Exchange*

*Commission v. Roger S. Bliss et al.*, Case Number 2:15-cv-00098-RJS, regarding the transfer of

the 17 foot NACRA catamaran sailboat from his brother-in-law Roger Stanley Bliss.

(The underlined portions are alleged as false.):

      I, Kevin Fortney, hereby declare and state:

1. I am the brother-in-law of Roger S. Bliss.

2. I owned a catamaran boat that was stored at Bear Lake in Idaho.

3. My family and I often visited Bear Lake for vacations with the Bliss family, during which we used my boat.

4. In early 2015, I decided to move my boat to St. George.

5. I coordinated with Roger Bliss to take the boat.

6. I used Roger Bliss's truck to haul my boat down to St. George.

7. I declare under penalty of perjury under the laws of the State of Utah that the information contained above is true and correct to the best of my knowledge and belief.

      Executed on July 30, 2015 in St. George, Utah.

8.    The underscored declarations of defendant FORTNEY, as he then and there well knew and believed, were false in that defendant BLISS purchased the catamaran in and around June of 2014, had an ownership interest therein, and transferred the catamaran to defendant FORTNEY five days after the District Court's February 11, 2015 order freezing all of the assets of defendant BLISS.

9.    At the time and place aforesaid, the United States District Court was engaged in the litigation of the aforementioned case wherein defendant BLISS had been prohibited by the District Court on February 11, 2015 from engaging in any "withdrawal, removal, transfer, or other disposal of any . . . assets, funds, or other properties." It was a matter material to said litigation to determine whether defendant BLISS had purchased the catamaran, whether he had an ownership interest therein, and whether defendant BLISS transferred the catamaran to defendant FORTNEY.

All in violation of 18 U.S.C. § 1623.

### Count 4
### 18 U.S.C. § 1001
### (False Statement to Federal Agent)

10.    All of the allegations and all counts set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

11.    On or about  July 31, 2015, within the Central Division of the District of Utah and elsewhere,

### KEVIN CARLTON FORTNEY,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation of the Department of Justice of the executive branch of the government of the

United States, by affirmatively stating and representing to agents that in June or July of 2014, he purchased a NACRA 17 catamaran sailboat from a boat salesman in Ogden, Utah. The statement and representation were false because, as defendant FORTNEY then and there knew, he did not purchase a NACRA 17 catamaran sailboat from a boat salesman in Ogden, Utah in June or July of 2014.

All in violation of 18 U.S.C. § 1001.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense in violation of 18 U.S.C. § 1503, as set forth in this Indictment, the defendant shall forfeit to the United States of America all property, real or personal, that constitutes or is derived from proceeds traceable to the violations listed in this Indictment.

The property to be forfeited includes, but is not limited to, the following:

- MONEY JUDGMENT in the approximate amount of $31,117.00, representing the value of the proceeds obtained by the defendant in connection with the above-referenced offenses.

### SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

       (1) cannot be located upon the exercise of due diligence;

       (2) has been transferred or sold to, or deposited with, a third person;

       (3) has been placed beyond the jurisdiction of the court;

       (4) has been substantially diminished in value; or

       (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said defendant up to the value of the above-forfeitable property.

A TRUE BILL:

/S/
_____
FOREPERSON OF THE GRAND JURY

JOHN W. HUBER
United States Attorney

_____
JACOB J. STRAIN
Assistant United States Attorney